UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDDIE L. ASH,

        Plaintiff,

v.                                                              Case No. 3:20-cv-355-J-34JRK

G. ESPINO, M.D.,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Eddie Ash, an inmate of the Florida penal system, initiated this action by mailbox rule on April 6, 2020, when he filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Complaint; Doc. 1), while also seeking to proceed in forma pauperis. Ash names G. Espino, M.D. as the sole Defendant. Ash asserts that Espino was deliberately indifferent to Ash's serious medical need, in violation of the Eighth Amendment to the United States Constitution. As relief, Ash requests injunctive relief, compensatory and punitive damages, and court costs. Regarding injunctive relief, Ash has also filed a motion for temporary restraining order and injunctive relief (Motion; Doc. 4), in which he requests that the Court order Espino to provide Ash with medication for his diabetes.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A.  Additionally, the Court

must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 328 (1989)).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted).

Pursuant to the Eighth Amendment to the United States Constitution, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). "To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct." Oliver v. Fuhrman, 739 F. App'x 968, 969 (11th Cir. 2018) (citing Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). The Eleventh Circuit has explained:

> Under the objective component, a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment. Id. The challenged condition must be extreme and must pose an unreasonable risk of serious damage to the prisoner's future health or safety. Id. The Eighth Amendment guarantees that prisoners are provided with a minimal civilized level of life's basic necessities. Id.
>
> Under the subjective component, a prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. Id. This means the prisoner must show that the prison officials: (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) displayed conduct that is more than mere negligence. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003).

Id. at 969-70. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986).

3

As it relates to medical care, "[t]he Supreme Court has interpreted the Eighth Amendment to prohibit 'deliberate indifference to serious medical needs of prisoners.'" Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)). The Eleventh circuit has explained that

> To prevail on a deliberate indifference claim, [a plaintiff] must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir.2009). To establish deliberate indifference, [a plaintiff] must prove "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Townsend v. Jefferson Cnty., 601 F.3d 1152, 1158 (11th Cir.2010) (alteration in original). The defendants must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and then actually draw that inference. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir.2003) (quotation omitted).

Easley v. Dep't of Corr., 590 F. App'x 860, 868 (11th Cir. 2014). "For medical treatment to rise to the level of a constitutional violation, the care must be 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Nimmons v. Aviles, 409 F. App'x 295, 297 (11th Cir. 2011) (quoting Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir.1991)); see also Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) ("Grossly incompetent or inadequate care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment" or fail to respond to a known medical problem). However, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections

4

of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (quotation marks and citation omitted). Moreover, the Eleventh Circuit has noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting Waldrop, 871 F.2d at 1033). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

In his Complaint, Ash, a diabetic, alleges that Espino was deliberately indifferent to Ash's diabetic condition where Espino interfered with and delayed treatment for his diabetes. Complaint at 5-12. According to Ash, the Florida Department of Corrections transferred him to Florida State Prison on December 23, 2019, and he had an initial medical screening that same day. Id. at 8. During the screening, the nurse asked Ash if she could draw some blood for lab work, but Ash refused to allow her to take his blood. Id. at 5, 8-9. The nurse warned Ash that the doctor would take Ash off his diabetes medication if Ash refused to allow her to draw his blood, yet Ash still refused to comply. Id. On January 2, 2020, Espino conducted an initial clinical evaluation of Ash. Id. at 9.

5

Ash maintains that Espino told him he would not be getting his medications because Ash did not give blood for the lab work and Ash did not need them. Id. at 9. Ash alleges that Espino told him his medication was expensive, and Espino would give Ash ACCU Cheks and insulin. Id. Notably, Ash acknowledges that he "refuse[d] some lab test's [sic] and ACCU check's [sic] here and there," but insists that his failure to cooperate in this testing and the cost of his medication are not reasons to deny him his medication. Ash asserts that Espino's conduct was an unconstitutional attempt to discipline him for refusing to have his blood drawn for lab work. Id.

After Espino took Ash off his medication, Ash alleges that he began to experience black discoloration of his toe nails, pain in his toes, and itchy hands and feet. Id. at 9, 12. From January through March of 2020, Ash made four sick call requests, for which he was seen three times and received low-dose Ibuprofen for his pain. Unsatisfied with his treatment, Ash filed several grievances requesting to get his medication back and for treatment of the medical conditions that arose following the discontinuation of that medication. Id. at 10-12. On March 9, 2020, Espino examined Ash again, including observing, but not touching, his right foot, after which Ash alleges that Espino immediately told Ash to leave without allowing Ash to explain the situation. Id. at 11. To date, Ash avers he has not received medication, except Ibuprofen, or treatment for his diabetes and the associated pain. Id. at 11.

Ash maintains that Espino knew Ash faced serious harm if he did not receive his medication, but Espino disregarded that risk in an "unnecessary and wanton" manner, id. at 5, 7, by refusing to give the medication if Ash refused to submit to lab work. Id. at 9. While Ash has alleged a serious medical need and Espino's knowledge of that need, his

allegations do not demonstrate that Espino disregarded that risk or did so by conduct greater than gross negligence. Both the nurse and Espino told Ash they needed his lab work in order to administer his medication. Under Florida Department of Corrections regulations, Ash's refusal to submit to healthcare services, declining lab work and ACCU Cheks necessary for the administration of Ash's diabetes medicine, resulted in the cessation of that treatment. See Fla. Admin. Code R. 33-401.105(6) ("An inmate's refusal of health care services cancels a specific order, treatment, or procedure. A new order will be necessary to initiate a treatment or procedure that has been refused."). Ash's allegations in the Complaint demonstrate that Ash, not Espino, is the cause of his lack of treatment. It is not unreasonable for a doctor to determine that blood and lab work are necessary to properly administer medicine. Indeed, to do otherwise, might have created an even greater risk for Ash. Accordingly, Ash has failed to establish a claim that Espino was deliberately indifferent to his serious medical need. Additionally, according to his own allegations, Ash received visits and treatment from medical care providers, the nurse and Espino, on multiple occasions. Ash appears dissatisfied with being prescribed Ibuprofen for his pain. However, such dissatisfaction does not rise to the level of a constitutional violation where Ash merely disagrees with Espino's medical judgment, a judgment hampered by Ash's refusal to submit to the necessary blood work. See Poag, 61 F.3d at 1545.

To the extent Ash alleges that the cost of his medication played a role in the denial of his treatment, the Court finds this claim is conclusory. Ash alleges Espino told him his medication was expensive, but this does not mean that Espino took into consideration the cost of the medication in determining not to prescribe Ash his previous medication,

particularly given the fact that during this same conversation Espino repeatedly told Ash that there was no need for the drugs because Ash did not allow the lab work to be conducted. Indeed, throughout the rest of the Complaint Ash maintains that Espino denied him his medication because Ash declined to allow the nurse to draw his blood. Given the context of Espino's alleged statement to Ash and the rest of the Complaint, Ash's single, conclusory allegation is insufficient to state a claim upon which relief can be granted because Ash has not established a causation between Espino's statement that Ash's medication is expensive with the alleged constitutional violation. See Crow, 49 F.3d at 684. In consideration of the above analysis, the Court finds that Ash has failed to establish a claim that Espino violated his Eighth Amendment rights, and this action is due to be dismissed and the Motion denied as moot.

Accordingly, it is

**ORDERED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2. The Motion (Doc. 4) is **DENIED as moot**.

3. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of April, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

c:  Eddie L. Ash #581206